IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

**MEREDITH BANICK**

      **Plaintiff,**

v.                                          CIVIL ACTION NO. 1:22-cv-92 Kleeh

**UNITED STATES OF AMERICA,**

      **Defendant.**

ELECTRONICALLY FILED
9/13/2022
U.S. DISTRICT COURT
Northern District of WV

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Meredith Banick, by and through her counsel, Timothy J. Manchin, Taylor B. Downs, and Manchin Injury Law Group, PLLC, hereinafter sometimes referred to as "Plaintiff," and files this, her Plaintiff's Original Complaint complaining of Defendant, the United States of America, hereinafter sometimes referred to as "Defendant," and would respectfully show the Court the following:

**I.**

## PARTIES, JURISDICTION, SERVICE OF PROCESS, AND VENUE

1.1  This is a personal injury action for damages which exceed the jurisdictional minimum of this Court, exclusive of costs, interest, and attorneys' fees.

1.2  At all times relevant hereto, Plaintiff is and was a citizen and resident of Farmington, Marion County, West Virginia.

1.3  The Defendant is the United States of America.

1.4  This Federal District Court has jurisdiction of this cause, because this action is brought pursuant to and in compliance with 28 U.S.C. §1346(b), and 28 U.S.C. 2671-2680 *et seq.,*

commonly known as the "Federal Torts Claim Act," which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

1.5     The United States of America may be served with process in accordance with Rule 4(I) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Plaintiff's Original Complaint on the United States Attorney for the Northern District of West Virginia, William J. Ihlenfeld, II, by Certified Mail, Return Receipted Requested at his office, United States Attorney, Northern District of West Virginia, 1125 Chapline Street, Suite 3000, Wheeling, West Virginia, 26003, to the attention of the Civil Process Clerk, and by serving a copy of the Summons and Plaintiff's Original Complaint on Merrick Garland, Attorney General for the United States, by Certified Mail, Return Receipt Requested, at the Attorney General's Office, 950 Pennsylvania Avenue NW, Washington, DC 20530, to the attention of the Civil Process Clerk.

1.6     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e), and 28 U.S.C.§1402(b) as the Unites States is a Defendant, a substantial part of the events or omissions giving rise to the claim occurred in this district, and Plaintiff resides in this district.

## II.

## LIABILITY OF THE UNITED STATES OF AMERICA

2.1     This case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. §2671-2680, commonly referred to as the "Federal Torts Claim Act." Liability of the United States is predicated specifically on Title 28 U.S.C. §1346(b)(1) and Title 28 U.S.C. §2674 because the personal injuries and resulting damages of which the complaint is made, were proximately caused by the negligence, wrongful acts and/or omissions of the employees of the United States of America, including the Department of Veterans Affairs, at the Louis A. Johnson VA Medical Center, in Clarksburg, West Virginia, while acting

within the scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of West Virginia.

### III.
### JURISDICTIONAL PREREQUISITES

3.1     Plaintiff pleads pursuant to Title 28 U.S.C. §2672 and Title 28 U.S.C. §2675(a), that the claims set forth herein were filed with and presented administratively to the Defendant's agency, the Department of Veterans Affairs, on August 18, 2021, for the claim of Plaintiff Meredith Banick. The Department of Veterans Affairs acknowledged receipt of the claim on September 10, 2021. On March 14, 2022, the Department of Veterans Affairs denied the claims. Accordingly, Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

3.2     The Department of Veterans Affairs through its agent, Ann Gavin Lawrence, refused the request of undersigned counsel to inspect the property and location where the incident occurred.

3.3     The Department of Veterans Affairs, through its agent, Ann Gavin Lawrence, further refused to provide pictures of the property and location, including the incident report.

### IV.
### THE DEPARTMENT OF VETERANS AFFAIRS IS AN AGENCY OF THE UNITED STATES OF AMERICA

4.1     The Department of Veterans Affairs is an agency of the United States of America. The United States of America, Defendant herein, through its agency, the Department of Veterans Affairs, at all times material hereto, owned, operated, and controlled the health care facility known

as the Louis A. Johnson VA Medical Center (hereinafter sometimes referred to as "VAMC"), located in Clarksburg, West Virginia, and through its agency, the Department of Veterans Affairs, staffed said health care facilities with its agents, servants, and/or employees.

V.

**EMPLOYMENT AND COURSE AND SCOPE**

5.1   At all times material hereto, all persons involved in this incident at the Louis A. Johnson VA Medical Center were agents, servants, and/or employees of the Department of Veterans Affairs, the United States of America, or some other agency thereof, and were at all times material hereto, acting within the course and scope of such employment.

VI.

**Facts**

6.1   This is a Federal Tort Claims Action for monetary damages sustained by Plaintiff resulting from personal injuries as a result of substandard, and therefore, negligent, employee conduct and facility maintenance of the Louis A Johnson VA Medical Center in Clarksburg, West Virginia, resulting in injury to Plaintiff on August 21, 2019.

6.2   Plaintiff Banick was an eighty-year-old civilian visitor and guest of the Louis A. Johnson VA Medical Center on August 21, 2019.

6.3   Plaintiff's husband had undergone invasive surgery and was admitted in the endoscopy suite for further observation.

6.4   To visit her husband in his recovery, Plaintiff was instructed by an employee to knock on the door of the endoscopy suite to obtain entry.

6.5     When Plaintiff knocked on the door as instructed, the door swung open, unexpectedly and forcefully striking Plaintiff and knocking her to the ground, causing severe and traumatic injury to Plaintiff.

6.6     Plaintiff was not provided with any warning regarding the mechanics of the entry doors.

6.7     Employees of Defendant's VAMC facility failed to observe Plaintiff's location before opening the doors and further failed to take precautions to prevent injury to the Plaintiff.

6.8     Plaintiff was then admitted to the emergency department of VAMC for evaluation and treatment.

## VII.

## CAUSE OF ACTION AGAINST THE UNITED STATES OF AMERICA
## NEGLIGENCE/ PREMISES LIABILITY

7.1     Plaintiff realleges and incorporates herein all of the allegations contained in the Complaint as if the same were reprinted herein verbatim.

7.2     On the date of Plaintiff's injuries, Plaintiff was present at Defendant's facility as a visitor of the medical center and was therefore an invitee of the business.

7.3     As an invitee at the Louis A. Johnson VA Medical Center, Defendant owed Plaintiff a duty to exercise ordinary care to keep and maintain the premises of the Louis A. Johnson VA Medical Center in a reasonably safe condition, including the duty to prevent possible fall or tripping hazards together with any other conditions that might cause injury to visitors, abate the same, or, if a hazard cannot be reasonably abated, provide a warning of the hazard.

7.4     On August 21, 2019, Defendant chose to disregard its duties to exercise ordinary care to keep and maintain the premises of the Louis A. Johnson VA Medical Center, in a

reasonably safe condition by negligently advising Plaintiff to access the doorway without accompaniment and forcefully throwing open a doorway which the public was instructed to use as access to the endoscopy suite without regard to their location.

7.5  Defendant failed to utilize an entry door system that enabled visitors to safely enter the endoscopy suite by failing to provide employees with visibility of visitors on the other side of the doors.

7.6  Defendant failed to adequately warn visitors seeking entry to the endoscopy suite of the potential hazard posed by employee operation of the entry doors, together with any audible warning of the sudden operation of said doors.

7.7  The choices and failures of Defendant discussed above, as well as other actions, constitute negligence.

7.8  As a direct and proximate result of the negligence of Defendant, as aforesaid, Plaintiff was severely injured and has suffered other damages, as more fully described below.

## VIII.

## DAMAGES

8.1  Plaintiff realleges and incorporates herein all of the other allegations contained in the Complaint as if the same were reprinted herein verbatim.

8.2  As a direct and proximate result of the acts and omissions of the Defendant, as aforesaid, Plaintiff has been forced to undergo various medical treatment modalities, including, but not limited to, surgery, doctor visits, physical therapy, radiological examinations, and prescription medications for the following conditions:

1. Abrasion over right eye under right nostril and left cheek;
2. Hematoma over 1st metacarpal head with severe tenderness;

3. Head injury;

4. Oblique, angulated and slightly impacted fracture through the mid to distal shaft of the first metacarpal left hand;

5. Contusion of left index finger with damage to nail;

6. Contusion of left knee;

7. Dizziness;

8. Headaches;

8.3     Contusion of right eyelid;

8.4     As a direct and proximate result of the acts and omissions of the Defendant, as aforesaid, Plaintiff has incurred reasonable medical, hospital, and prescription medication charges in the presently known amount of $8,420.78 and she may be forced to incur additional medical, hospital, and prescription medical charges in the future in an amount presently indeterminable.

8.5     As a direct and proximate result of the aforesaid acts and omissions of the Defendant and the aforementioned injuries suffered by her, Plaintiff has incurred reasonable travel expenses and other miscellaneous necessary expenses and she will be forced to incur additional travel expenses and other miscellaneous expenses in the future in an amount presently undeterminable.

8.6     As a direct and proximate result of the aforesaid acts and omissions of the Defendant and the aforementioned injuries suffered by her, Plaintiff was caused to be sore and lame immediately and for a period of time and continuing to the present time and indefinitely into the future.

8.7     As a direct and proximate result of the aforesaid acts and omissions of the Defendants and the aforementioned injuries suffered by her, Plaintiff has suffered pain of mind and body and will suffer pain of mind and body in the future.

8.8     As a direct and proximate result of the aforesaid acts and omissions of the Defendant and the aforementioned injuries suffered by her, Ms. Banick's ability to enjoy life has been substantially reduced and she has been unable to go about her daily life and to engage in her normal activities in an ordinary manner.

## IX.

## MEANING OF "DEFENDANT"

9.1     In this Complaint, whenever the term "Defendant" is used, it means Defendant, Defendant's officers, agents, servants, employees, and/or representatives. Whenever in this Complaint it is alleged that Defendant did any act or thing, it is meant that Defendant, Defendant's officers, agents, servants, employees, and/or representatives did such act or thing, and that at the time such act or thing was done, it was done with the full authorization and ratification of Defendant and was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, and/or representatives. Whenever in this Complaint it is alleged that Defendant omitted any act or thing, it is meant that Defendant, Defendant's officers, agents, servants, employees, and/or representatives omitted such act or thing.

## X.

## PRAYER

WHEREFORE, the Plaintiff requests that the Defendant be cited in terms of law to appear and answer herein: that upon final trial and hearing hereof, the Plaintiff, Meredith Banick, have judgement against the Defendant, in an amount compensatory for her damages,; that judgement be

entered in favor of Plaintiff, Meredith Banick, and against Defendant, for medical and hospital expenses; and in an amount that will fully and adequately compensate for her personal injuries, pain and suffering, and emotional and mental distress; and for all damages available under the law; for such other and different amounts as they shall show by proper amendment before trial; for post judgment interest at the applicable legal rate; for all Court costs incurred in this litigation; and for such other an further relief, at law and in equity, both general and special, to which the Plaintiff may show herself entitled and to which the Court believes Plaintiff deserves.

Respectfully submitted,

By: /s/ Timothy J. Manchin
Timothy J. Manchin (WV State Bar # 2304)
Taylor B. Downs (WV State Bar # 11605)
MANCHIN INJURY LAW GROUP, PLLC
1543 Fairmont Ave., Suite 203
Fairmont, WV 26554-2100
304-367-1862 (telephone)
304-367-1867 (facsimile)
**Counsel for Plaintiff**